IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GULFSTREAM WORLDWIDE REALTY, INC.,
a Florida Corporation,

       Plaintiff,

vs.                                                                                          No. CIV-06-1165 JB/DJS

PHILIPS ELECTRONICS NORTH AMERICA
CORP., a Delaware Corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Defendant Philips Electronics North America Corporation's Expert Witness, filed July 3, 2007 (Doc. 39)("Motion to Strike"). The primary issue is whether the Court should strike the expert witness designation that Defendant Philips Electronics North America Corporation ("Philips") filed and exclude the testimony of Philips' expert witness, Mary Ann Bassett, because Philips has not complied with the discovery requirements applicable to expert witnesses. Because the Court does not believe that, at this stage in the proceedings, admitting the evidence to which Plaintiff Gulfstream Worldwide Realty, Inc. ("Gulfstream") objects unfairly prejudices Gulfstream, or that excluding Philips' expert testimony is an appropriate sanction, the Court will deny the motion in part. Because the Court concludes that Philips' failure to take appropriate remedial action when it determined that it would not be able to meet the deadlines the Court and the Federal Rules of Civil Procedure imposed caused Gulfstream to move formally for the production of information to which it was entitled, and because the Court finds that Philips' omission of such action was not substantially justified, the Court will grant the motion in part and award Gulfstream its reasonable

attorneys' fees and costs associated with bringing this motion.

## PROCEDURAL BACKGROUND

The parties filed a joint discovery plan on February 12, 2007. See Joint Status Report and Provisional Discovery Plan, filed February 12, 2007 (Doc. 9). In their joint discovery plan, the parties agreed that reports from any experts Gulfstream retained would be due May 12, 2007, and that reports from any experts Philips retained would be due June 11, 2007. See id. at 13. The Court filed a Scheduling Order in this case on May 2, 2007. See Scheduling Order, filed May 2, 2007 (Doc. 20). The Scheduling Order required Gulfstream to designate any expert witnesses and to provide expert reports by May 14, 2007, and required Philips to designate its experts and provide expert reports by June 11, 2007. See id. at 2. The Scheduling Order also stated that "[t]he parties shall have their experts ready to be deposed at the time they identify them and produce their reports." Id.

On June 11, 2007, the parties filed a joint motion requesting the Court extend the discovery deadline in this case until August 15, 2007, and that the deadline for discovery-related motions be extended until September 4, 2007. See Joint Motion for Extension of Discovery Deadline and Motion of Defendant, Philips Electronics North America Corporation, to Extend Expert Witness Deadline ¶ 1, at 1, filed June 11, 2007 (Doc. 32). The parties' joint motion also contained Philips' request that the deadline for its designation of expert witnesses be extended to June 26, 2007; Gulfstream concurred in Philips' request. See id. ¶¶ 2-3, at 1. The Court granted the parties' joint motion on June 13, 2007. See Order, filed June 13, 2007 (Doc. 33).

Philips represents that, shortly before the June 26, 2007 deadline, an individual who it anticipated would serve as its expert advised Philips that he could not serve as its expert, because

of a conflict of interest.  See Response to Plaintiff's Motion to Strike Defendant's Expert, Expert Report & Testimony at 1, filed July 20, 2007 (Doc. 45)("Philips' Response").  Philips states that this individual recommended that Philips consult with Bassett.  See id.  Philips served Gulfstream with its designation of its expert witness, naming Bassett, on June 26, 2007.  See Certificate of Service, filed June 26, 2007 (Doc. 37).  Philips' designation advised that "Bassett has not prepared a written report as of this date, but will be made available for her deposition."  Plaintiff's Reply to Defendant's Response to Motion to Strike Expert Witness, Expert Report and Testimony, filed August 1, 2007 (Doc. 51)("Gulfstream's Reply"), Exhibit 1, Defendant Philips Electronics North America Corporation's Designation of Expert Witness at 1 ("Philips' Designation").  Philips' Designation indicates that Basset's testimony will be in rebuttal to testimony Gulfstream is expected to offer "concerning the meaning of the listing agreement and the custom and practice in New Mexico relating to the right to commission under such an agreement."  Id.

Gulfstream filed its Motion to Strike on July 3, 2007.  Gulfstream requests the Court to strike Philips' Designation and to exclude Basset's report and testimony.  See Memorandum in Support of Plaintiff's Motion to Strike the Defendant's Expert, Expert Report & Testimony at 5, filed July 3, 2007 (Doc. 40)("Gulfstream's Memorandum").  Gulfstream also requests attorneys' fees associated with bringing this motion.  See id.

Philips filed its response in opposition to Gulfstream's motion on July 20, 2007.  On July 27, 2007, Philips served Gulfstream with a copy of Basset's expert report.  See Certificate of Service, filed July 27, 2007 (Doc. 47). Bassett's deposition has not yet been scheduled.  See Philips' Response at 3.

**LAW REGARDING DISCLOSURE OF EXPERTS**

Rule 26(a)(2)(B) requires that a party disclose to other parties the identity of a person who may be used at trial to present evidence in the form of expert testimony, and that a report the expert prepares and signs accompany that disclosure. See Fed. R. Civ. P. 26(a)(2)(B).

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Id. Pursuant to rule 26(b)(4)(A), a party can depose any person identified as an expert whose opinions may be expressed at trial. See Fed. R. Civ. P. 26(b)(4)(A). If an expert report is required under rule 26(a)(2)(B), the deposition must be conducted after the report is provided. See id.

"District courts have broad discretion to exclude untimely disclosed expert-witness testimony." Pride v. BIC Corp., 218 F.3d 566 (6th Cir. 2000)(citing Trilogy Commc'ns v. Times Fiber Commc'ns, Inc., 109 F.3d 739, 745 (Fed. Cir. 1997); Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)). See Hirpa v. IHC Hosps., Inc., 50 Fed. Appx. 928, 932 (10th Cir. 2002)("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.")(quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)). On the other hand, a district court may "refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless." Jacobsen v. Deseret Book Co., 287 F.3d 936, 952 (10th Cir. 2002). The United States Court of Appeals for the Tenth Circuit has identified four factors that a district court should consider when deciding whether to exclude expert evidence: "[i] the prejudice

or surprise to the party against whom the testimony is offered; [ii] the ability of the party to cure the prejudice; [iii] the extent to which introducing such testimony would disrupt the trial; and [iv] the moving party's bad faith or willfulness." Ellsworth v. Tuttle, 148 Fed. Appx. 653, 665 (10th Cir. 2005)(quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d at 993). In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d at 993.

## ANALYSIS

Philips concedes that it has failed to meet the deadline the Court set for the disclosure of its expert report. See Philips' Response at 2. Consequently, consistent with the federal discovery rules, it is within the Court's discretion to exclude Philips' expert and her report. Gulfstream maintains that, unless the Court excludes Bassett's report and testimony, Philips will be permitted to circumvent the deadlines the Court has imposed, jeopardize the trial setting, and cause unfair prejudice to Gulfstream. See Gulfstream's Memorandum at 3. Nevertheless, because the Court believes that, at this point in the proceedings, the Court and the parties can minimize or eliminate any harm that the late disclosure of Philips' expert report has caused, and that the late disclosure is unlikely to disrupt the trial schedule much if at all, the Court will deny Gulfstream's motion and will not exclude Philips' expert or her report.

**I.    THE COURT WILL NOT EXCLUDE BASSETT, HER REPORT, OR HER TESTIMONY.**

In considering whether to exercise its discretion to exclude expert evidence submitted in violation of rule 26(a), the Tenth Circuit has directed district courts to consider: "[i] the prejudice or surprise to the party against whom the testimony is offered; [ii] the ability of the party to cure the

prejudice; [iii] the extent to which introducing such testimony would disrupt the trial; and [iv] the moving party's bad faith or willfulness." Ellsworth v. Tuttle, 148 Fed. Appx. at 665 (quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d at 993). While Gulfstream contends that failure to exclude the evidence "will have significant substantive ramifications on this case," Gulfstream's Memorandum at 3, the Court is not convinced that admitting the evidence to which Gulfstream objects will have the impact it suggests.

Gulfstream emphasizes that "[e]xpert disclosures put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition or pursue follow-up written discovery concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires." Gulfstream's Reply at 3. Gulfstream suggests that, because it has been forced to take time attempting to compel Philips to produce material that the rules mandate Philips produce, it has been deprived of a full opportunity to analyze that information and make reasoned strategic judgments. See Gulfstream's Memorandum at 3.

While the Court is sensitive to the concerns that Gulfstream raises, and agrees that parties' timely disclosures allow opposing counsel a full and fair opportunity to evaluate his client's case and plan strategy, the Court does not believe that Philips' disclosure in this case is so untimely as to cause undue prejudice to Gulfstream. Philips served Gulfstream with its designation of its expert witness, naming Bassett, on June 26, 2007. Philips' designation acknowledged that Bassett had not yet completed an expert report, but advised that Bassett "will be made available for her deposition." Philips' Designation at 1. Philips' Designation indicates that Basset's testimony will be in rebuttal to testimony Gulfstream is expected to offer "concerning the meaning of the listing agreement and the custom and practice in New Mexico relating to the right to commission under such an

agreement." Id.  As of June 26, 2007 -- approximately seven weeks before the discovery deadline and before the deposition of Bassett had been scheduled -- Gulfstream was aware of the identity of the expert, the subject matter of her testimony, and had reason to believe that an expert report would become available for Gulfstream to depose Bassett properly.

Philips provided its expert report on July 27, 2007.  While the Court should not disregard Philips' failure to timely provide this report, it acknowledges that Gulfstream was in possession of the report approximately three weeks before the discovery deadline.  Moreover, it is the Court's understanding that the parties have not yet scheduled or completed a number of depositions in this case.  The Court does not believe that any prejudice that might have resulted from Philips' untimely disclosure cannot be cured; the parties in this case have already worked with each other to grant extensions to meet their respective discovery obligations, and time remains for them to do so again if necessary.  Moreover, the case is set for a pretrial conference on October 5, 2007, and trial in the case is not scheduled to begin until November 13, 2007.  Based on this timing, the Court cannot say that the inclusion of Bassett's report and her testimony would disrupt the trial.  Moreover, even if the deposition does delay the case, any delay should be brief and not materially prejudice Gulfstream.

Gulfstream suggests that Philips' failure to timely disclose its expert report was an intentional attempt to undermine its ability to depose Bassett effectively.  See Gulfstream's Reply at 6-7.  The Court acknowledges Gulfstream's frustration and examined the method in which Philips has fulfilled its obligation to disclose information about its expert witness.  The Court understands that the last minute withdrawal of Philips' original expert may have presented it with a difficult problem, and prevented it from retaining a new expert and timely filing an expert report.

Nevertheless, Philips should have alerted Gulfstream to these circumstances, moved the Court for leave to file an untimely report, and been more diligent in providing Gulfstream a report sooner than it did. Nevertheless, the Court is not prepared to say, based on the record before it, that Philips' actions were a willful attempt to place Gulfstream at a disadvantage. Nor does the Court believe that disclosing Bassett's report when it did gives Philips an unfair advantage.

In sum, the Court agrees with Gulfstream that Philips has not exercised utmost diligence in meeting its discovery obligations. With particular reference to its designation of an expert witness and its untimely disclosure of its expert report, however, the Court believes that Philips' conduct is, as a practical matter, harmless, or that any harm can be mitigated. The Court does not believe that Gulfstream has been significantly prejudiced, that Philips cannot help cure that prejudice, or that admitting the testimony at this point would disrupt the trial in this case. Nor is the Court convinced that Philips acted in bad faith in failing to meet its obligations under rule 26(a). The Court will not exclude Bassett, her report, or her testimony.

## II.     THE COURT WILL AWARD GULFSTREAM REASONABLE ATTORNEYS' FEES IN ASSOCIATION WITH BRINGING THIS MOTION.

Gulfstream requests the Court award it attorneys' fees associated with bringing this motion. Rule 16(f) provides for the award of fees where a party fails to comply with a scheduling or pretrial order.

> If a party . . . fails to obey a scheduling or pretrial order . . . the judge shall require the party . . . to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). The Court is more than merely authorized to award costs and fees; under the language of the rule, and absent a showing that noncompliance was "substantially justified," the

Court "shall" require the party whose conduct necessitated the motion to pay the movant's fees. Fed. R. Civ. P. 16(f).

While the Court does not believe that Gulfstream has demonstrated that Philips' untimely filing will unfairly prejudice it, the Court also recognizes that Gulfstream is entitled to timely discovery.  The Court understands that Philips may have been presented with a difficult situation when its expert withdrew at the last minute, but Philips did not handle that challenge as well as desired.  Philips has not provided a satisfactory explanation regarding why it did not request an extension from Gulfstream or move the Court for leave to file its expert report after the deadline. Although the Court is not convinced that Philips acted intentionally to place Gulfstream at a disadvantage, Philips is not given the discretion to choose when it would prefer to disclose information for which the Court's orders and the Federal Rules of Civil Procedure impose deadlines. Philips' failure to take proper remedial action when it determined that it would not be able to meet those deadlines compelled Gulfstream to move formally for information to which it was already entitled, and Philips' action was thus not substantially justified.  Gulfstream is entitled to reasonable attorneys' fees and costs associated with preparing this motion.

**IT IS ORDERED** that the Plaintiff's Motion to Strike Defendant Philips Electronics North America Corporation's Expert Witness is granted in part and denied in part.  The Court will not exclude Philips' expert witness, her report, or her testimony.  Philips will pay Gulfstream's reasonable attorneys' fees and costs in association with bringing this motion.

                                                 _____
                                                 UNITED STATES DISTRICT JUDGE

*Counsel:*

Bill Chappell, Jr.
Michael D. Hoeferkamp
Martha L. King
Chappell Law Firm
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Arthur D. Melendres
Zachary L. McCormick
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendant*