UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GULFSTREAM WORLDWIDE REALTY, INC.,
a Florida corporation,

       Plaintiff,

vs.                                                    CIV-06-1165 JB/DJS

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, a Delaware corporation,

       Defendant.

## MOTION FOR PROTECTIVE ORDER

Plaintiff, Gulfstream Worldwide Realty, Inc., served a 30(b)(6) Notice of Deposition on September 18, 2007, on Defendant, Philips Electronics North America Corp. ("PENAC"), for 9:00 a.m. on September 28, 2007. Pursuant to Rule 26(c), Defendant moves the Court for an Order that the deposition not be had, or, in the alternative, that the deposition be taken at the witness's location, which in all likelihood will not be Albuquerque, and that Philips be allowed sufficient time to locate or educate an appropriate designated witness.

This court previously established a discovery cut-off date of October 3, 2007. Anyone who is designated to testify as a 30(b) (6) witness will, for the reasons noted below, probably not be able to gather the requested information (or determine that PENAC collectively does not have that information) by that cut-off date, much less by September 28. Indeed, this Court's rule LR-CV 30.1 requires 14 days notice for a deposition, and Plaintiff did not provide that. It should be noted that Plaintiff served a different 30(b)(6) Notice of Deposition Duces Tecum on Defendant on June 6, 2007. That deposition, however, was subsequently vacated with no indication that it

would be rescheduled. Had Plaintiff sought to serve the present notice at that time, it would have been reasonable to ask that PENAC provide such a witness. However, Plaintiff chose to wait until the waning days of discovery to serve that notice. The Scheduling order provided that discovery should be planned so that it could be completed by the deadline, and this item of discovery cannot be completed by October 3, for the reasons set out below. The deposition should be vacated.

PENAC executed a listing agreement with the Plaintiff. However, the semiconductor manufacturing tools on the property, which are the focus of the 30(b)(6) notice, were used and sold by Philips Semiconductors, Inc., which was a separate part of Koninklijke Philips Electronics N.V. ("Royal Philips"). In September, 2006, Royal Philips sold the semiconductor business, and a new company was formed, NXP Semiconductor, Inc. PENAC's ultimate parent, Royal Philips, retained only a 19.9 percent interest in the company. The remaining 80.1 percent interest was owned by a consortium including Kolbert, Kravis, Roberts & Co. (KKR), Bain Capital, Silverlake Partners, Apak and Alpinvest Partners N.V. Neither PENAC nor Royal Philips controls NXP.

Employees who were involved with the semiconductor business and especially the operations at the Albuquerque facility either no longer work for any Philips company or (for those few employees who remained with some Philips company) have little or no personal knowledge of the events or transactions relating to the Albuquerque semiconductor facility. Moreover, the documents of the Semiconductor company now belong to NXP—no Philips entity has them. In order to meet its 30(b)(6) obligations, PENAC will have to designate a person or persons who will, after designation, have to spend substantial time reviewing extensive

documentation as well as checking with employees of PENAC and perhaps others to be able to testify.  As the United States District Court for the District of Connecticut has recognized:

> A deponent under Rule 30(b)(6) has "an affirmative obligation to educate himself as to the matters regarding the corporation." *Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Company, Inc,* 201 F.R.D. 33, 36 (D. Mass. 2001).  This includes all matters that are known or reasonably available to the corporation. Id. Even if the documents are voluminous and the review of the documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed.  Id. at 37.

*Concerned Citizens v. Belle Haven Club*, 223 F.R.D. 39 (D. Conn. 2004).  The Court went on to hold that this duty to review, and in essence become educated about the information available to the corporation, applies even if the information is voluminous and multiple people must be consulted to collect the information known to the corporation.

  The United States District Court for the District of Utah recently ruled the same way, holding that the entity receiving a 30(b)(6) notice has a duty :

> to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." The duty to prepare the designee imposed by the rule "goes beyond matters personally known to the designee or to matters in which that designee was personally involved." Such preparation "requires a good faith effort [by] the designate to find out the relevant facts-to collect information, review documents, and interview employees with personal knowledge." The duty of preparation may require the interviewing of past employees.
>
> [internal notes omitted]

*United States v. Magnesium Corp. of Am.*, 2006 U.S. Dist. LEXIS 87734 (D. Utah 2006).

  In order to meet its obligation with respect to a 30(b)(6) deposi9tion, PENAC will have to designate one or more individuals to learn about what happened to the tools and real property that were sold from the Albuquerque facility.  That designee will have to look through documents, contact present and former employees, and attempt to integrate the information to be

3

able to provide answers on behalf of PENAC.  The amount of time required will be substantial.  If Philips is to be held to the requirement that its designee know or learn about "all sales, transfers, allocations, or donation of property to any of Philips' companies, subsidiaries, affiliates, related entities, and/or unrelated third parties," from 2003 to present, its designees will have to assimilate large amounts of information from various sources, and as noted before, a significant part of that information resides with people who are no longer employed by Philips and in documents which are no longer owned by Philips.  It is unreasonable to expect that to be done before the discovery deadline, much less by September 28.

      Alternatively, if the deposition is not cancelled, the Plaintiff should be required to take the deposition in New York City (where PENAC is currently headquartered) or at such other place as the designee may be located.  PENAC is the defendant in this case, not the plaintiff, and did not choose the forum.  Plaintiff should not be allowed to further burden PENAC by requiring it to produce the designated individual somewhere remote from that person's normal place of work or residence.  This Court has recognized the general rule that, "An out-of-state deponent is under no obligation to travel to the location where the case was filed for a deposition." *O'Sullivan v. Rivera*, 229 F.R.D. 187 (D.N.M. 2004).  The Court went on to state that "in the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." Citing *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993).  No unusual or exceptional circumstances exist to warrant a reversal of that normal rule in this case.

For the above stated reasons, Defendant requests the Court order that the 30(b)(6) Notice of Deposition be vacated, or alternatively, that the deposition be taken at a place convenient to the witness.

        MODRALL, SPERLING, ROEHL, HARRIS
          & SISK, P.A.

        By: /s/ Arthur D. Melendres
          Arthur D. Melendres
          Zachary L. McCormick
          Attorneys for Defendant
          Post Office Box 2168
          Bank of America Centre
          500 Fourth Street NW, Suite 1000
          Albuquerque, New Mexico  87103-2168
          Telephone: 505.848.1800

## **CERTIFICATE OF SERVICE**

We hereby certify that on the 21st day of September, 2007, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Bill Chappell , Jr**
  billc@chappellfirm.com,erins@chappellfirm.com,janiceb@chappellfirm.com
- **Michael D Hoeferkamp**
  mikeh@chappellfirm.com,erins@chappellfirm.com
- **Martha L King**
  marthak@chappellfirm.com,erins@chappellfirm.com
- **Arthur D. Melendres**
  amelendres@modrall.com,lesliem@modrall.com,zmccormick@modrall.com

        MODRALL, SPERLING, ROEHL, HARRIS
          & SISK, P.A.

By: /s/ Arthur D. Melendres
    Arthur D. Melendres
    Zachary L. McCormick
    Post Office Box 2168
    Bank of America Centre
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800
    ***Attorneys for Defendant***