UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GULFSTREAM WORLDWIDE REALTY, INC.,
a Florida corporation,

       Plaintiff,

vs.                                                    CIV-06-1165 JB/DJS

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, a Delaware corporation,

       Defendant.

**REPLY TO PLAINTIFF'S RESPONSE
TO PHILIP'S MOTION FOR PROTECTIVE ORDER**

Defendant Philips Electronics North America Corp. ("PENAC") seeks a Protective Order against Plaintiff, Gulfstream Worldwide Realty, Inc., arising out of Gulfstream's September 18, 2007 30(b)(6) Notice of Deposition for a September 28, 2007 deposition.

Gulfstream had served a 30(b)(6) Notice of Deposition Duces Tecum on PENAC on June 6, 2007, but vacated that deposition without indicating it would ever be rescheduled. The parties proceeded forthwith with discovery.  Then, on September 18, 2007, just two weeks before the October 3, 2007, discovery cutoff date established by this Court and with no prior warning, Gulfstream issued a new 30(b)(6) Notice of Deposition Duces Tecum for a deposition to take place in just ten days—contrary to this Court's LR-CV 30.1, which requires that a Notice of Deposition be served at least fourteen days prior to the scheduled deposition. Gulfstream offers no explanation for why it could not have served the notice within the time set out by this Court's rules, but instead complains that PENAC asks that the rules be observed.

1

Rather than explain why Gulfstream could not observe a simple, and basic, rule of this Court, Gulfstream instead makes unsubstantiated allegations that "Philips has deliberately withheld discoverable information on the sales, transfers, allocations and donations of property…" even though the files containing that information belong to a third party. Gulfstream also states that "employees and former employees have indicated information . . . should be readily available in general ledgers or similar accounting documents." Gulfstream again neglects to add that those ledgers or accounting documents belong to a third party (NXP), not PENAC or any Philips company. PENAC must rely on NXP to provide the documents, and then, when and if they are obtained, PENAC's designated witness would need time to review them to become sufficiently familiar with those documents to testify about them. Even if the Notice complied with Local Rule 30.1, obtaining the documents and educating the designated 30(b)(6) witness would have taken longer than two weeks, which would have put the deposition beyond the Court's discovery deadline. Gulfstream views such matters as a "trifle," but fails to explain why it should not be held to the same rules as other litigants.

Not only is Gulfstream's Notice untimely, the individual and information it seeks cannot be produced in the manner in which Gulfstream seeks it. Gulfstream complains the 30(b)(6) deposition it now seeks is necessary because Gulfstream has been unable "to get the complete picture" in this case. It suggests the burden to PENAC of having to respond to the 30(b)(6) deposition is a "mere trifle." However, as PENAC has stated, there is no one at PENAC who can respond to Gulfstream's particular request. Whoever is designated as the witness would have to first collect the information, which may or may not be easily accessible through NXP, and then proceed from there to study and analyze the information to be able to

testify about it. The information required is not limited to what might be on the accounting documents. As noted in PENAC's motion, such a witness might also be required to talk to former employees about the transfers of real <u>or</u> personal property. The witness would also be expected to become completely educated about the subject of the deposition.

Despite the implications in Gulfstream's response to the motion, the deposition is not limited to discreet issues involving a few ledger pages. Gulfstream wants someone to testify about the following:

> For the time period beginning January 2, 2003 to present, all sales, transfers, allocation or donations of property to any of Philip's companies, subsidiaries, affiliate, related entities, and/or unrelated third parties. As used herein, "property" shall mean all real and personal property located at 9201 Pan American Freeway, NE, Albuquerque, NM as of January 22, 2003, including but not limited to tools, equipment, computers, furnace stacks, etchers, telephone equipment, and foundry equipment.

Gulfstream says it would be no hardship for an accounting person or Mr. Ajit Manocha to simply review the accounting documents and be prepared to answer questions on these matters. Even a cursory examination of the subject of the 30(b)(6) deposition shows such a claim to be disingenuous at best. It would, for example, encompass everything relating to the real estate sale as well—a matter covered so far in over a dozen depositions.

Gulfstream did not ask for production of the "ledgers or similar accounting documents" themselves. To do so would have clearly been untimely, as the 30 days required for a Request for Production, pursuant to Rule 30(b)(5) and Rule 34, would have put the response date beyond the October 3 Discovery cutoff date. Gulfstream apparently hoped to evade that result by having someone from Philips testify about what the documents say, rather than seeking the documents themselves. Of course, that 30(b)(6) description of the subject

matter of the deposition requires that the designated witness be given time to learn the contents of all the documents related to the specified subject matter for the deposition. As can be seen from that description, quoted above, the subject of the deposition is not just a few ledger pages. In addition to reviewing all of the documents related to any transfer or sale of any real or personal property from the facility, the designated witness would probably have to speak to all, or as many as possible, of the former Philips employees who were involved in sales or other transfers of realty or personalty. The breadth of the subject matter description would make it impossible for any witness or group of witnesses to be prepared for a deposition in 10 days.

  Gulfstream suggests it has been unable to get the "complete picture" because PENAC is trying to hide something, when in fact PENAC would have precisely the same difficulty in designating an individual to pull together that "complete picture" in the 10 days that Gulfstream would have allowed. Indeed, even had the 30(b)(6) notice been served more than two weeks before the end of discovery, PENAC would not have been able to do what Gulfstream has requested of it prior to the discovery cut-off date established by the Court.

  This is particularly so because, through this deposition, Gulfstream continues to seek information that is in the hands of third parties that PENAC does not control. The real and personal property that are the subject of the 30(b)(6) notice was used and sold by a separate entity, Philips Semiconductors, Inc., whose ultimate parent company Koninklijke Philips Electronics N.V. ("Royal Philips") sold it in September, 2006. (This lawsuit was not filed until November 30, 2006, after that sale). The new company, NXP, is not controlled by Royal Philips, and certainly not by PENAC.

WHEREFORE, Philips respectfully requests an Order that the 30(b)(6) deposition not be had, or, in the alternative, that the deposition be taken at the witness's location, which in all likelihood will not be Albuquerque, and that PENAC be allowed sufficient time to locate or education an appropriate designated witness.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By:  /s/ Arthur D. Melendres
   Arthur D. Melendres
   Zachary L. McCormick
   Post Office Box 2168
   Bank of America Centre
   500 Fourth Street NW, Suite 1000
   Albuquerque, New Mexico  87103-2168
   Telephone: 505.848.1800
   *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

       We hereby certify that on the 8th day of October, 2007, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Bill Chappell , Jr**
  billc@chappellfirm.com,erins@chappellfirm.com,janiceb@chappellfirm.com
- **Michael D Hoeferkamp**
  mikeh@chappellfirm.com,erins@chappellfirm.com
- **Martha L King**
  marthak@chappellfirm.com,erins@chappellfirm.com
- **Arthur D. Melendres**
  amelendres@modrall.com,lesliem@modrall.com,zmccormick@modrall.com

                      MODRALL, SPERLING, ROEHL, HARRIS
                         & SISK, P.A.

                    By: /s/ Arthur D. Melendres
                         Arthur D. Melendres
                         Zachary L. McCormick
                         Post Office Box 2168
                         Bank of America Centre
                         500 Fourth Street NW, Suite 1000
                         Albuquerque, New Mexico  87103-2168
                         Telephone: 505.848.1800
                         *Attorneys for Defendant*