IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GULFSTREAM WORLDWIDE REALTY, INC.,

      Plaintiff,

vs.                                                                  No. CIV 06-1165 JB/DJS

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, a Delaware corporation,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Rule 56(f) Continuance, filed August 14, 2007 (Doc. 58).  The Court held a hearing on the motion on October 4, 2007.  The primary issue is whether the Court should not require Plaintiff Gulfstream Worldwide Realty, Inc. ("Gulfstream") to respond to Defendant Philips Electronics North America's ("PENAC") motion for partial summary judgment until further discovery is completed.  Because Gulfstream has been able to conduct considerable discovery since it filed this motion, and because the Court concludes that Gulfstream most likely will be able to respond to PENAC's Motion for Partial Summary Judgment without conducting further discovery, the Court will deny the motion.

### FACTUAL BACKGROUND

The dispute arose out of certain real and personal property located at 9201 Pan American Freeway, NE, Albuquerque, New Mexico.  See Amended Complaint ¶ 11, at 2.  The property was a fully-equipped semiconductor fabrication plant.  See id.  This lawsuit arises out of a claim for a commission on the sale of the former Philips Semiconductors plant on North I-25 in Albuquerque, New Mexico.  See Motion for Protective Order and Expedited Hearing at 1, filed Sept. 25, 2007

(Doc. 78).  The Defendant, Philips Electronics North America Corporation ("PENAC"), signed the listing agreement on which Gulfstream bases its lawsuit.  <u>See</u> <u>id.</u>

## **PROCEDURAL BACKGROUND**

Gulfstream filed its initial Complaint on November 30, 2006.  <u>See</u> Complaint, filed Nov. 30, 2006 (Doc. 1).  It subsequently sought and obtained approval to file an Amended Complaint, which it filed on July 24, 2007.  <u>See</u> Stipulated Order to Amend Complaint, filed Apr. 6, 2007 (Doc. 18); Amended Complaint for Breach of Contract, Promissory Estoppel and Quantum Meruit, and Demand for Jury Trial ("Amended Complaint"), filed July 24, 2007 (Doc. 46).  Gulfstream asserted claims in breach of contract, promissory estoppel, and quantum meruit.  <u>See</u> Amended Complaint.

### 1. <u>Initial discovery.</u>

Gulfstream served  its initial disclosures to PENAC on February 22, 2007.  <u>See</u> Certificate of Service, filed Feb. 22, 2007 (Doc. 13).   On February 26, 2007, Phillips served its initial disclosures to Gulfstream.  <u>See</u> Certificate of Service, filed Feb. 26, 2007 (Doc. 14).  The Court issued a Scheduling Order on May 2, 2007.  <u>See</u> Scheduling Order, filed May 2, 2007 (Doc. 20).

The Court set the termination date for discovery for July 12, 2007.  <u>See</u> <u>id.</u> at 1.  PENAC hand-delivered to Gulfstream the Defendant's Objections, Answers, and Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents on May 9, 2007.  <u>See</u> Doc. 23.  On May 21, 2007, Gulfstream objected to PENAC's Attorney-Client Privilege and Work-Product Log that PENAC submitted as part of its response to Gulfstream's First Set of Interrogatories and Requests for Production of Documents.  <u>See</u> Notice of Objection to Attorney-Client Privilege and Work-Product Log, filed May 21, 2007 (Doc. 24).

### 2. <u>Gulfstream's Motion to Compel.</u>

On May 23, 2007, Gulfstream filed a motion to compel discovery responses from PENAC.

See Plaintiff's Motion to Compel Discovery Responses from Defendant, filed May 23, 2007 (Doc. 25); Plaintiff's Memorandum in Support of its Motion to Compel Discovery Responses from Defendant, filed May 24, 2007 (Doc. 28).  On June 5, 2007, PENAC served its First Set of Interrogatories, Requests for Admissions, and Requests for Production to Gulfstream.  See Certificate of Service, filed June 6, 2007 (Doc. 30).  The parties subsequently submitted a joint motion to extend the discovery deadline, and PENAC asked for an extension of time on the expert witness deadline. See Joint Motion for Extension of Discovery Deadline and Motion of Defendant, Philips Electronics North America Corporation, to Extend Expert Witness Deadline, filed June 11, 2007 (Doc. 32).  The Court granted the joint motion and extended the discovery deadline to August 15, 2007, the deadline for motions relating to discovery to September 4, 2007, and the expert witness deadline to June 26, 2007 for PENAC.  See Order, filed June 13, 2007 (Doc. 33).

The Court held a hearing on July 5, 2007 on Gulfstream's motion to compel.  On July 16, 2007, the Court issued an order granting in part and denying in part Gulfstream's motion to compel. See Order ("July 16, 2007 Order"), filed July 16, 2007 (Doc. 44).  The Court ordered PENAC to provide more information and review the information it provided to Gulfstream on Interrogatories numbered one through five.  See July 16, 2007 Order at 3-5.

The Court denied Gulfstream's motion as to Interrogatories numbered 6, and 7-9.  See July 16, 2007 Order at 5-6.  It also overruled PENAC's objection regarding the definition of "property" in Gulfstream's discovery requests and required PENAC to provide Gulfstream information regarding sales of personal property.  July 16, 2007 Order at 1-3. The Court also instructed PENAC to make an affirmative response to Gulfstream's instruction that PENAC identify any documents that had been destroyed that were responsive to Gulfstream's discovery requests.  See July 16, 2007 Order at 3.

The Court also ordered PENAC to examine its responses to Gulfstream's requests for production, numbered one through four, in light of the Court's ruling on "property" and, if necessary, supplement its productions.  July 16, 2007 Order at 7-8.  Gulfstream withdrew its objection to PENAC's answer to Interrogatory Number ten in light of the Court's other rulings.  See July 16, 2007 Order at 6.  Gulfstream conceded that it did not need any other information at that time regarding PENAC's Attorney-Client Privilege/Work-Product Doctrine Log, and  it further conceded that it did not need any other information at that time regarding many documents.  See July 16, 2007 Order at 8.

Gulfstream indicated it would submit authorities to the Court regarding whether communications involving James Casey should be privileged when Casey was acting in his capacity as manager rather than AS an attorney and whether the attorney-client privilege extended to attorneys for a corporation's subsidiary.  See July 16, 2007 Order at 9-10.  The Court did not rule on matters implicated by those issues.  See July 16, 2007 Order at 10.

### 3.      Philip's Motion for Partial Summary Judgment.

On July 31, 2007, PENAC filed a motion for partial summary judgment.  See Defendant Philips Electronics North America Corporation's Motion for Partial Summary Judgment Dismissing Claims Based on Sale to North I-25 Corporate Center, LLC ("PENAC's First Summary Judgment Motion"), filed July 31, 2007 (Doc. 48).  In support of that motion, PENAC filed an affidavit and memorandum.  See Affidavit of James Casey in Support of Defendant's Motion for Partial Summary Judgment Dismissing Claims Based on Sale to North I-25 Corporate Center, LLC (taken July 30, 2007), filed July 31, 2007 (Doc. 49); Defendant Philip Electronics North America Corporation's Memorandum in Support of its Motion for Partial Summary Judgment Dismissing Claims Based on Sale to North I-25 Corporate Center, LLC, filed July 31, 2007 (Doc. 50).

On August 6, 2007, PENAC certified it had sent via facsimile and mail its supplemental answers and responses to Gulfstream's First Set of Interrogatories and Requests for Production of Documents.  See Certificate of Service, filed Aug. 6, 2007 (Doc. 54).   PENAC answered Gulfstream's Amended Complaint on August 10, 2007.  See Doc. 55.

### 4.   **Gulfstream's Motion for a rule 56(f) Continuance.**

On August 14, 2007, Gulfstream filed its motion for a rule 56(f) continuance.  See Motion for Rule 56(f) Continuance ("Gulfstream's rule 56(f) motion"), filed Aug. 14, 2007 (Doc. 58).  It also filed a memorandum in support of that motion.  See Memorandum of Points and Authorities in Support of Plaintiff's Motion for Rule 56(f) Continuance ("Gulfstream's Memo."), filed Aug. 14, 2007 (Doc. 59).   Gulfstream's counsel, Martha L. King, also filed an affidavit in support of Gulfstream's rule 56(f) motion.  See Affidavit of Martha L. King (taken Aug. 14, 2007) ("King Aff."), filed Aug. 14, 20007 (Doc. 60).

Gulfstream argues "[f]urther discovery is vital to Plaintiff's opposition to Defendant's Motion for Partial Summary Judgment."  Gulfstream's rule 56(f) motion at 1.  It contends that a continuance is necessary "until such time as (1) Plaintiff can review Defendant's court-ordered discovery responses; (2) responsive documents are returned by various individuals of Titan/North I-25 and by Defendant's former employees; and (3) deposition of some of Defendant's former employees are complete."  Gulfstream's rule 56(f) motion at 1.  Gulfstream argues that PENAC did not comply with the Court's July 5, 2007 Order until August 6, 2007, that PENAC's responses are incomplete, and that PENAC raises new objections.  See King Aff. ¶ 5, at 1.

Gulfstream argues it is diligently pursuing discovery.  It notes that it filed a motion to compel against PENAC that the Court granted in part.  See Gulfstream rule 56(f) motion at 3.  Gulfstream states it is working with PENAC to schedule the depositions of former employees of PENAC,

including: Greg Stuck, Randy McMills, Tim Klechner, Keith Flagler, Ajit Manocha, Brian Sloan, and Joe Lopez.  See id. ¶ 6, at 1.  Gulfstream employed process servers to have these individuals served at their homes and businesses.  See Gulfstream's rule 56(f) motion at 4.  NXP Semiconductors, Inc. ("NXP") now employs five of these former employees, and Gulfstream's process servers were blocked from entering the premises. See id.  The subpoenas were ultimately returned, and on August 14, 2007, PENAC decided it would accept service for five of the former employees.  See id. On August 6, 2007, PENAC provided the remaining outstanding addresses to Gulfstream.  See id. ¶ 6, at 1-2.

Gulfstream also asserts that, meanwhile, Jim Casey[1] wrote two letters stating his intention to interfere with Gulfstream's subpoenas issued to Philip's former employees.  See Gulfstream rule 56(f) motion at 4.  He announced numerous objections to the requests for production, presumably because he represents these individuals as well as NXP Semiconductors, PENAC, and Philips Semiconductors, Inc.  See id. Gulfstream states that, if Casey interferes with the subpoenas and the documents are not turned over to Gulfstream, discovery related to the information possessed by those former employees may be delayed.  See Gulfstream rule 56(f) motion at 4.  In any event, if Casey does not interfere with the subpoenas, and the documents are turned over to Gulfstream, the depositions will take place throughout September. See id.

Additionally, Gulfstream has issued subpoenas for the Court-ordered information, as well as subpoenaed the testimony of Tim Klechner, Ajit Manocha, Brian Sloan, Randy McMills, and Jim

---

[1]Mr. Casey is General Counsel for NXP Semiconductors USA, Inc.  See PENAC's Response at 2 n.1.

Wallster.  See id.  Gulfstream has also continued the deposition of Morando Berrettini[2] and Casey

pending the production of documents contained in Gulfstream's discovery.  See id.  Additionally,

Gulfstream is still trying to locate some of PENAC's former employees.  See id.  And finally,

Gulfstream is currently working with two of the principals of Titan/North I-25 to secure its

documents relating to the sale of the property to North I-25.  See id.

Gulfstream also argues it needs more time to complete the depositions of Berrettini and

Casey, and to secure responsive documents from Titan/North I-25 LLC.  See id. ¶ 9, at 2-3.

Gulfstream argues it should be allowed to discover further information pertaining to: (i) marketing

of the property; (ii) showings of the property; (iii) sale or other disposition of any equipment,

fixtures, personal property, tech fab equipment, clean rooms and equipment, and semi-conductor

or manufacturing and testing equipment; (iv) negotiations concerning the sale of the property; (v)

offers to purchase the property; and (vi) sales of property.  See Gulfstream's rule 56(f) motion at 5.

Gulfstream contends its "ability to conclusively demonstrate that it marketed the property to North

I-25, showed the property to North I-25, provided additional  information to North I-25, and that

[PENAC] structured the eventual sale in order to deprive [Gulfstream] of its commission or

compensation is directly relevant to the issue of claims based on the sale to North I-25."

Gulfstream's rule 56(f) motion at 5.

Gulfstream reports it that has already secured some information from Titan/North I-25's

broker showing that PENAC knew it owed Gulfstream a commission and wanted Titan/North I-25

to indemnify PENAC in the event Gulfstream attempted to collect its commission.  See Gulfstream's

---

[2]PENAC represents that Mr. Berrettini worked with it on the sale of the property to
Titan/North I-25.  See Response to Motion for Rule 56(f) Continuance ("PENAC's Response") at
6, filed Aug. 31, 2007 (Doc. 66).

rule 56(f) motion at 5-6.  PENAC has provided some of its Court-ordered responses, but it did so eight days after it filed its Motion for Partial Summary Judgment and, in its responses, raised additional objections.  See Gulfstream's rule 56(f) motion at 6.  Gulfstream is currently reviewing PENAC's responses to see if PENAC complied with the Court's order.  See id.

PENAC responds that Gulfstream has failed to meet the standard for securing a rule 56(f) continuance because Gulfstream has not demonstrated how the discovery it seeks can refute Philip's First Summary Judgment Motion.  See Response to Motion for Rule 56(f) Continuance ("Philip's Response) at 3, filed Aug. 31, 2007 (Doc. 66).  PENAC contends that its motion for partial summary judgment "speaks to the narrow, limited legal issue that the contact between Philips and Gulfstream provides only for a commission on the sale of Philip's property only in the event that the sale took place within 180 days of termination of the agreement, and that the sale of Philips real property at issue in this case occurred more than 180 days after the termination of the contract between Philips and Gulfstream."  PENAC's Response at 4 (citing Defendant Philips Electronics North America Corporation's Motion for Partial Summary Judgment Dismissing Claims Based on Sale to North I-25 Corporate Center, LLC at 4, filed July 31, 2007 (Doc. 48))(emphasis in the original).  PENAC argues that Gulfstream's claims with respect to personal property, including equipment, are not at issue in its First Summary Judgment Motion.  See PENAC's Response at 7.

PENAC asserts that: "Marketing of the property, showings of the property, offers to purchase (with the possible exception of offers from Titan/I-25 North, which Gulfstream already has), and negotiations (with the possible exception of Titan/I-25 North) are immaterial to the issues raised by" PENAC's First Summary Judgment Motion.  PENAC's Response at 8.  PENAC summarizes Gulfstream's rule 56(f) motion as "nothing more than a complaint that discovery is not complete, and that attorney James Casey posed objections to subpoenas asking employees of [NXP

-8-

Semiconductors USA, Inc.] to produce documents owned by that company." PENAC's Response at 2, 2 n.1. PENAC contends the only issues of fact are "whether some other contract gave Gulfstream the right to a commission, or whether the sale took place within 180 days." PENAC's Response at 4. It argues there are no genuine issues of material fact regarding the contract, its terms, or the date of sale. <u>See</u> PENAC's Response at 4-5.

Gulfstream replies that PENAC's First Summary Judgment Motion "is not as narrow as Philips now indicates." Plaintiff's Reply in Support of Motion for Continuance ("Gulfstream's Reply"), filed Sept. 14, 2007 (Doc. 70). It argues there are three bases for PENAC's liability for payment of a commission on the sale to North I-25. <u>See</u> Gulfstream's Reply at 2. It contends that Gulfstream will establish PENAC violated ¶ 7.D. of the Listing Agreement in bad faith by delaying the sale to North I-25 through the September depositions of Ben Spencer, Jim Casey, and Morando Berrettini. <u>See</u> Gulfstream's Reply at 2-3. It also notes the Titan documents discussed in its rule 56(f) motion were just received on August 28, 2007. <u>See</u> Gulfstream's Reply at 2. Gulfstream argues that PENAC recently produced documents in August, and depositions are currently underway regarding the timing of the sale of the property, which may prove whether PENAC violated ¶ 7.C. of the Listing Agreement. <u>See</u> Gulfstream's Reply at 3. Lastly, Gulfstream argues that it was the "procuring cause"[3] of the sale to North I-25 and that it is pursuing proving that fact by deposing "several individuals involved in the Titan/North I-25 sale process in 2005 and 2006." Gulfstream's

---

[3]Gulfstream argues "[t]o entitle a real estate broker to compensation, it is sufficient that a sale is effected through his agency as its procuring cause, and if his introduction of the purchaser is the means of bringing him and the owner together, and the sale results in consequence, the compensation is earned, although the broker does not negotiate and is not present at the sale." Gulfstream's Reply at 3 (quoting <u>Wilson v. Sewell</u>, 50 N.M. 121, 125, 171 P.2d 647, 649 (1946)). It argues that the question of "procuring cause" is one of fact. <u>See id.</u> Gulfstream also states that it alleged it was the procuring cause of the sale to North I-25 in its Amended Complaint. <u>See</u> Gulfstream's Reply at 3.

Reply at 4.

Gulfstream argues that PENAC still "has not yet complied with all of the terms of the Court's July 16, 2007 Order" and that Gulfstream "is in the process of preparing a Motion to Show Cause." Gulfstream Reply at 5. Gulfstream also represents that it is awaiting disclosures regarding the Philips Industrial Revenue Bond, sale of PENAC's equipment to Babcock & Brown, negotiations between PENAC's counsel and the City counsel, and the deposition of Morando Berrettini. See id.

The Court entered an Amended Scheduling Order on September 25, 2007. See Doc. 77. The Court extended the discovery deadline to October 3, 2007, and the deadline for motions regarding discovery was extended to October 23, 2007. See Amended Scheduling Order at 1, filed Sept. 25, 2007 (Doc. 77).

On October 1, 2007, Gulfstream filed a motion for order to show cause. See Plaintiff's Motion to Show Cause why Defendant Should Not be Held in Contempt and for Payment of Costs ("Gulfstream's show cause motion"), filed Oct. 1, 2007 (Doc. 80). PENAC filed a second motion for partial summary judgment on October 1, 2007. See Motion for Partial Summary Judgment Dismissing Claims for Commissions Relating to Sales or Disposition of Personal Property, filed Oct. 1, 2007 (Doc. 82).

The Court held a hearing on this matter on October 4, 2007. See Transcript of Hearing (taken Oct. 4, 2007) ("Tr.").[4] At that hearing Gulfstream's counsel noted that it had completed depositions but did not yet have transcripts from those depositions. See Tr. at 122:25-123:1 (Chappell). Gulfstream also conceded that discovery is mostly closed in this case. See Tr. at 124:8-

_____

[4] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

10 (Chappell).  Gulfstream argued that the discovery it sought "tie[s] together here as to whether or not Gulfstream can or cannot claim a commission [ . . .] and the information that we are getting in discovery all relates to those issues."  See Tr. at 125:22-126:1(Chappell).  Gulfstream complained that it had to "assimilate maybe 15 depositions, 18 depositions, whatever we've taken in this case but discovery is mostly done except for documentation [. . .] we would like to have one person who can tell us really what happened to the equipment."  See Tr. at 126:7-11 (Chappell).

Gulfstream asked permission to respond to both: (i) Defendant Philips Electronics North America Corporation's Motion for Partial Summary Judgment Dismissing Claims Based on Sale to North I-25 Corporate Center, LLC, see id., filed July 31, 2007 (Doc. 48), and (ii) Motion for Partial Summary Judgment Dismissing Claims for Commissions Related to Sales or Disposition of Personal Property, see id., filed Oct. 1, 2007 (Doc. 82), on November 2, 2007.  See Tr. at 129:14-20 (Chappell, McCormick & Court).  The Court set November 2, 2007 as the deadline for Gulfstream's response to PENAC's summary judgment motions, which was agreeable to the parties.  See Tr. at 128:25-1 (Court), Tr. at 129:14-20 (Chappell, McCormick & Court).

## STANDARD FOR DECIDING WHETHER TO GRANT A RULE 56(f) CONTINUANCE

Rule 56(f) of the Federal Rules of Civil Procedure provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).  The policy behind rule 56(f) is straightforward: "Summary judgment should not be granted where the non-moving party has not had the opportunity to discover information that is essential to his opposition."  Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1521-22 (10th Cir. 1992)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).  "The

protection afforded by 56(f) is an alternative to a response in opposition to summary judgment under 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986)(citing C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2740 (1983)).  See Miller v. U.S. Dep't of Transp., 710 F.2d 656, 666 (10th Cir. 1983)("[D]iscovery is strongly favored and generally denying the right to have full discovery on all pertinent issues before a summary judgment is granted would be error, particularly in the face of a Rule 56(f) affidavit.").

"When a party files an affidavit and moves for additional discovery time under rule 56(f), the party invokes the court's discretion."  Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., Nos. CIV 02-1146 JB/LFG, CIV 03-1185 JB/LFG, 2007 WL 2461629 at *3 (D.N.M. June 5, 2007) (Browning, J.).  Consistent with rule 56(f)'s underlying policy, courts treat rule 56(f) motions and affidavits liberally: "[U]nless dilatory or lacking in merit, the motion should be liberally treated." First Amendment v. Campbell, 962 F.2d at 1521-22 (quoting J. Moore & J. Vicker, Moore's Federal Practice 56.24 (1988)).  See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1554 (10th Cir. 1993); Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.,2007 WL 2461629 at *3.  "Rule 56(f) does not require, however, that summary judgment not be entered until discovery is complete." Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., 2007 WL 2461629 at *3.

To invoke the shelter that rule 56(f) provides, a party must (i) file an affidavit, see Pasternak v. Lear Petroleum Exploration Inc., 790 F.2d at 832-833; (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts, see Comm. for the First Amendment v. Campbell, 962 F.2d at 1522; (iii) explain why facts precluding summary judgment cannot be presented, id.; and (iv) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment, see Jensen v.

Redevelopment Agency, 998 F.Supp. at 1554. "Rule 56(f) may not be invoked based solely upon the assertion that discovery is incomplete or that the specific facts necessary to oppose summary judgment are unavailable." Schaefer v. Antill, No. CV 06-0460 JB/ACT, 2007 WL 709046 at *9 (D.N.M. Jan. 31, 2007) (Browning, J.). "Rule 56(f) is not a license for a fishing expedition." Lewis v. Ft. Collins, 903 F.2d 752, 759 (10th Cir. 1990).

## ANALYSIS

The Court will deny Gulfstream's Motion for Rule 56(f) Continuance. The Court has carefully considered the reasons that Gulfstream offers in its motion for a continuance. None, however, appear to justify its request. Although Gulfstream has been diligently pursuing discovery, on the record before the Court, it has had the opportunity to discover the information essential to oppose PENAC's First Summary Judgment Motion. Gulfstream has not convinced the Court further discovery is vital to Gulfstream's opposition to PENAC's First Summary Judgment Motion, and Gulfstream fails to demonstrate that further discovery would be material to its opposition of that motion.

## I.   GULFSTREAM HAS BEEN DILIGENTLY PURSUING DISCOVERY.

Gulfstream filed a motion to compel PENAC's responses to its discovery requests on May 23, 2007. See Plaintiff's Motion to Compel Discovery Responses from Defendant, filed May 23, 2007 (Doc. 25). The Court granted a joint motion by the parties to extend the discovery deadline to August 15, 2007 and the deadline for motions relating to discovery to September 4, 2007. See Order, filed June 13, 2007 (Doc. 33). On July 16, 2007, the Court issued an order granting in part and denying in part Gulfstream's motion to compel. See Order, filed July 16, 2007 (Doc. 44).

Gulfstream has completed its depositions and now seeks time to review the depositions it has taken. See Tr. at 126:7-11 (Chappell). Gulfstream contends that this task will be difficult,

-13-

because PENAC did not comply with the Court's July 16, 2007 Order until August 6, 2007, its

responses were still incomplete, and it raised new objections.  See King Aff. ¶ 5, at 1.  On October

1, 2007 Gulfstream  filed a motion for order to show cause, complaining that PENAC had not

complied with discovery requests and the Court's July 16, 2007 Order.  See Plaintiff's Motion for

Order to Show Cause Why Defendant Should Not Be Held In Contempt and For Payment of Costs,

filed Oct. 1, 2007 (Doc. 80).

 Nevertheless, it appears that Gulfstream is getting most of the information it is seeking.

"Employees and former employees were subpoenaed and turned over a great deal of the previously

unproduced information.  The information relating to massive sales and transfers of equipment --

the same equipment listed within the Exclusive Listing Agreement, and occurring within the term

of that Exclusive Listing Agreement."  Gulfstream's show cause motion at 1-2.  The Court extended

the deadline for discovery to October 3, 2007, and the deadline for discovery motions to October

23, 2007.  See Amended Scheduling Order at 1, filed Sept. 25, 2007 (Doc. 77).  There is no

indication in the record that Gulfstream is not diligently pursuing discovery in this matter.

## II.  GULFSTREAM HAS HAD THE OPPORTUNITY TO DISCOVER INFORMATION ESSENTIAL TO ITS OPPOSITION OF PENAC'S FIRST SUMMARY JUDGMENT MOTION.

 Gulfstream has not met the standard for securing a rule 56(f) continuance because it has not

demonstrated how the discovery it seeks can refute Philip's motion.  Gulfstream has proffered

several reasons for this Court to grant a continuance, but none of them suggest how the evidence it

seeks through additional discovery could reasonably create a genuine issue of material fact that

would prevent summary judgment on the issues raised in Philip's First Summary Judgment Motion:

That there is no issue of material fact regarding any commission claimed to be due as a result of the

sale of the facility to North I-25 Corporate Center, LLC and therefore PENAC is entitled to

-14-

judgment as a matter of law.  <u>See</u> PENAC's First Summary Judgment Motion at 1.  Gulfstream does not indicate with specificity how the discovery it seeks would materially aid its case on the dispositive issues raised.

PENAC argues that the only questions of fact raised by its First Summary Judgment Motion are ,whether some other contract gave Gulfstream the right to a commission, or whether the sale took place within 180 days.  <u>See</u> PENAC's Response at 4.  Both parties have established that the contract defining the terms of the agreement between Gulfstream and PENAC is the agreement which Gulfstream filed with the Court as Exhibit 1 to Document No. 5, filed in this case on January 9, 2007.  <u>See</u> Notice of Filing Exhibit 1 to Complaint, filed July 31, 2007, Exhibit 1, Listing Agreement–Exclusive Right to Sell (Doc. 5-2).  The Court has carefully reviewed Philips' motion for summary judgment, and while the Court does not want to prejudice that motion or indicate there is no genuine issue of material facts until Gulfstream files its response, Gulfstream has not indicated with precision that the remaining discovery it seeks will create a genuine issue of material fact.

Gulfstream argues that there are three basis for PENAC's liability for payment of a commission to it on the sale to North I-25, including ¶¶ 7.D, 7.C. of the Listing Agreement, and it is the "procuring cause" of the sale to North I-25.  Gulfstream Reply at 2-4.  In Its motion, Gulfstream argued that a continuance is necessary to conduct depositions of individuals involved in the Titan/North I-25 sale process in 2005 and 2006.  <u>See</u> Gulfstream's Reply at 4.  At the hearing on this matter, however, Gulfstream admitted that it had completed all of its depositions, and instead was concerned with "what happened to the equipment."  Tr. at 126:7-11 (Chappell).  <u>See</u> <u>Schaefer</u> <u>v. Antill</u>, No. CV 06-0460 JB/ACT, 2007 WL 709046 at *9 (D.N.M. Jan. 31, 2007) (Browning, J.)(noting that, "[r]ule 56(f) may not be invoked based solely upon the assertion that discovery is incomplete or that the specific facts necessary to oppose summary judgment are unavailable.").

Thus, it appears that discovery on the real property, and the subject of the motion for summary judgment, is completed.

At this stage of the case, it appears that Gulfstream seeks a continuance to process the information that PENAC has produced, rather than a continuance to obtain further information from PENAC that would enable Gulfstream to respond to PENAC's First Summary Judgment Motion. See Gulfstream's show cause motion at 1-2 (stating: "Employees and former employees were subpoenaed and turned over a great deal of previously unproduced information."); Tr. at 126:7-11 (Chappell)(complaining that Gulfstream has to "assimilate maybe 15 depositions, 18 depositions, whatever we've taken in this case but discovery is mostly done except for documentation [. . .] we would like to have one person who can tell us really what happened to the equipment."). Gulfstream has had the opportunity to "discover information essential" to the opposition of PENAC's First Summary Judgment Motion. See Comm. for the First Amendment v. Campbell, 962 F.2d at 1521-22.

**III.   THE DESIRE TO FIND EVIDENCE ON IMMATERIAL ISSUES DOES NOT JUSTIFY A 56(f) CONTINUANCE.**

Gulfstream argues it should be allowed to discover further information pertaining to (i) marketing of the property; (ii) showings of the property; (iii) sale or other disposition of any equipment, fixtures, personal property, tech fab equipment, clean rooms and equipment, and semi-conductor or manufacturing and testing equipment; (iv) negotiations concerning the sale of the property; (v) offers to purchase the property; and (vi) sales of property. See Gulfstream's rule 56(f) motion at 5. Gulfstream contends its "ability to conclusively demonstrate that it marketed the property to North I-25, showed the property to North I-25, provided additional information to North I-25, and that [PENAC] structured the eventual sale in order to deprive [Gulfstream] of its

-16-

commission or compensation is directly relevant to the issue of claims based on the sale to North I-25." Gulfstream's rule 56(f) motion at 5. While the Court is not prepared to say, on the record before it, that all of these issues will be irrelevant to PENAC's motion, the Court can say that Gulfstream has failed to demonstrate how any remaining information it seeks would be material to any commission claimed to be due as a result of the sale of the facility to North I-25 Corporate Center, LLC. See PENAC's First Summary Judgment Motion at 1. Because Gulfstream does not explain sufficiently how further discovery on the above areas would enable it to contest PENAC's First Summary Judgment Motion, the Court is concerned that the broad swath of its requests is basically a fishing expedition. See Lewis v. Ft. Collins, 903 F.2d at 759.

## IV.   FURTHER DISCOVERY IS NOT VITAL TO GULFSTREAM'S OPPOSITION TO PENAC'S FIRST SUMMARY JUDGMENT MOTION.

Gulfstream contends that PENAC's First Summary Judgment Motion on the issue of dismissing claims based on the sale to North I-25 Corporate Center, LLC, is premature. See Gulfstream's Memo. at 1, filed Aug. 14, 2007 (Doc. 59). Gulfstream contends that it has not yet had the opportunity to discover information vital to its opposition to PENAC's First Summary Judgment Motion. See id. Gulfstream contends that, without the opportunity to further discover this information, its ability to put on its case and oppose PENAC's motion is severely compromised. See id at 2.

Initially, Gulfstream represented that it needed additional documents and needed to depose individuals with knowledge specific to PENAC's First Summary Judgment Motion; now Gulfstream seeks additional time to process the information it has obtained from PENAC. See Gulfstream's show cause motion at 1-2 (stating: "Employees and former employees were subpoenaed and turned over a great deal of previously unproduced information."); Tr. at 126:7-11 (Chappell)(complaining

-17-

that Gulfstream has to "assimilate maybe 15 depositions, 18 depositions, whatever we've taken in this case but discovery is mostly done except for documentation [. . .] we would like to have one person who can tell us really what happened to the equipment."). Gulfstream's counsel noted his office would be able to complete a response to PENAC's First Summary Judgment Motion, but that he would be in Argentina from October 17th through October 29th, and therefore, would not be able to get "a lay of the land." Tr. at 123:7-124:6 (Chappell). Gulfstream's counsel also indicated that a November 2nd deadline for its response to PENAC's First Summary Judgment Motion for"would be fine." Tr. at 129:14-21 (Chappell & McCormick).[5]   A 56(f) continuance thus is not necessary for Gulfstream to respond to PENAC's First Summary Judgment Motion.

Gulfstream, by filing this motion and waiting for a hearing on it, has largely secured the benefits of a continuance. Its discovery on the real property, the subject matter of the pending motion for summary judgment, appears, for the most part, to be done. It is time for Gulfstream to respond to PENAC's motion so that the Court can consider any lack of evidence in a concrete way rather than the speculative and hypothetical nature of the present posture.

If Gulfstream continues to believe that it does not have sufficient discovery to respond to some factual issue raised by PENAC's motion, it can point that out in its response and file an affidavit stating what more needs to be done. But at this time, the issues need to be put into a more focused posture. Thus the Court will deny Gulfstream's motion without prejudice to it submitting another affidavit when it files its response if it determines it needs further discovery to respond to

---

[5]This extension of time gives Gulfstream further time to complete any remaining discovery and review the discovery it has recently received.

the pending motion.[6]

**IT IS ORDERED** that the Plaintiff's Motion for Rule 56(f) Continuance is denied.

Gulfstream is ordered to Respond to PENAC's Motion for Partial Summary Judgment (Doc. 48) by

November 2, 2007.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Bill Chappell, Jr.
Martha L. King
Michael D. Hoeferkamp
Chappell Law Firm, P.A.
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Arthur D. Melendres
Zachary L. McCormick
Joan D. Marsan
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

 *Attorneys for the Defendant*

---

 [6]The Court also granted Gulfstream permission to file its response to both of PENAC's pending motions on November 2, 2007.  <u>See</u>  Tr. at 129:14-20 (Chappell, McCormick & Court).